IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HEATHER BAYLESS, <br><br> Defendant. | 4:19CR3098 <br><br> ORDER |

Counsel is advised that the court has continued all civil and criminal matters scheduled for in-court appearances between March 17, 2020 and April 3, 2020. See attached General Order 2020-05. Accordingly,

IT IS ORDERED that the defendant's sentencing hearing set for April 2, 2020, is continued until further order of the court. The undersigned's chambers will track this continuance and reset the hearing in due course.

Dated this 16th day of March, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: CONTINUANCES OF NON-JURY PROCEEDINGS DUE TO NOVEL CORONAVIRUS AND COVID-19 DISEASE. | GENERAL ORDER NO. 2020-05 |

In its previous order continuing all jury proceedings, the Court noted that "the need for in-court hearings must be balanced against the risk associated with such contact." General Order 2020-04. As this emergency situation has developed, it has become apparent that assessing that risk is difficult, given increasing evidence that asymptomatic carriers of the virus can transmit it, and the confirmation of community spread in this District. And recent incidents in which people appeared in court, despite affirmatively displaying symptoms associated with an infectious respiratory illness, have persuaded the Court that in the present environment, the risks associated with in-court hearings presumptively outweigh their necessity. Accordingly,

IT IS ORDERED:

1. All civil and criminal matters presently scheduled for an in-court appearance before any district, magistrate, or bankruptcy judge in the District of Nebraska between March 17, 2020 and April 3, 2020 are continued pending further order of the Court.

2. Notwithstanding any other provision of this General Order to the contrary, any hearing where appearance by alternate means—such as remote appearance by video or telephone—has already been made available to the parties, shall proceed as scheduled using the alternate mode of appearance.

3. Initial appearances on new charges shall be addressed to the assigned Magistrate Judge for a determination of whether an immediate hearing is necessary and whether videoconferencing will be used for the hearing. Videoconferencing shall be used unless otherwise ordered and failure to object to the use of videoconferencing shall be deemed consent to appearance by videoconference.

4. Because of the effect of following public health recommendations on the availability of clients, counsel, and court staff to be present in the courtroom, the Court specifically finds that the ends of justice served by continuing all criminal proceedings outweigh the best interests of the public and any defendant's right to a speedy trial, and the delays in progression of criminal cases occasioned by the continuances implemented by this General Order are excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A). The failure of any defendant to object to this General Order will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

5. Case-by-case exceptions to the continuances implemented by this General Order may be ordered at the discretion of the Court, upon motion from the parties or on the Court's own motion after consultation with counsel. The provisions of General Order 2020-03 shall remain in effect for such proceedings.

6. The Court will vacate, extend, or amend this General Order no later than March 31, 2020.

Dated this 16th day of March, 2020.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge